UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTONIO MCDONAL, | Civil No. 06-1018 (JRT/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARTY ANDERSON, d.b.a. Chief Executive Officer, Trustee, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to

this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, it is recommended that the petition for writ of habeas

corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254

Cases In The United States District Courts.[1]

## I.    BACKGROUND

Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota. He is

serving a sentence imposed by the United States District Court for the Central District of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Illinois.  His petition indicates that he pleaded guilty to some type of federal drug law offense, but he has not indicated the date of his conviction, or the length of his sentence.  (Petition, [Docket No. 1], p. 2, ¶ 2.)

Petitioner did not challenge his conviction or sentence by direct appeal, (id. ¶ 3), but on August 19, 2004, he filed a motion in the trial court, seeking relief under 28 U.S.C. § 2255, (id., p. 4, ¶ 5.b).  Petitioner's § 2255 motion was summarily denied on August 23, 2004, because it was untimely.  (Id.)

In his present application for habeas corpus relief, Petitioner claims that his sentence, including the prescribed term of supervised release, is illegal and unconstitutional.  Although the factual and legal bases for Petitioner's current habeas corpus claims are not well explained, it appears that he is relying primarily on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition.  It will therefore be recommended that this action be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for

relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence imposed by the trial court, (i.e., his prison term, his term of supervised release, or both).  Therefore, unless the savings clause applies, the present petition is barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here,

however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[2]

---

[2]  According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it appears that Petitioner may have deliberately elected to seek relief under the § 2241 habeas corpus statute, because he believes the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255. Such reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a §

2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Thus, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "§ 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241

habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.  Applying this rule here, it is clear that, at least to the extent that Petitioner's current claims do not rely on Booker, he cannot seek habeas corpus relief under 28 U.S.C. § 2241.  To the extent that Petitioner's claims are not based on Booker, he could have raised them on direct appeal, or in his previous § 2255 motion.  He cannot claim that § 2255 has become "inadequate or ineffective" simply because he previously failed to raise such claims, and he is now procedurally barred from raising them in a § 2255 motion.

As previously acknowledged, however, Petitioner's current claims appear to be based primarily on Booker, which had not been decided at the time of Petitioner's direct appeal or when he filed his § 2255 motion.  This does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for any of Petitioner's claims that may be based on and Booker.

In Perez, supra, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), (the direct precursor of Booker), in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an Apprendi issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims. 286 F.3d at 1062.  The Court explained its ruling in Perez as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is Apprendi itself, not the remedy by § 2255 motion.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively."

Id. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under Apprendi] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court."

Id.

The Court's reasoning in Perez is directly applicable to Petitioner's current claims based on Booker.  If Booker had established a new rule of constitutional law, made retroactive to cases on collateral review, then Petitioner might well be able to raise his Booker claims in a § 2255 motion at this time.  See 28 U.S.C. § 2255 [¶ 8] (authorizing second or successive § 2255 motions based on new constitutional rulings that are retroactively applicable on collateral review); 28 U.S.C. § 2255 [¶ 6(3)] (extending the one-year limitation period for claims that are based on new constitutional rulings that are retroactively applicable on collateral review).  In fact, however, Booker cannot be applied retroactively on collateral review.  In Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam), the Eighth Circuit Court of Appeals specifically held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id. at 783.[3]

---

[3]  Every other federal appellate court that has considered whether Booker is retroactively applicable on collateral review has also concluded that it is not. See e.g., Lloyd v. United States, 407 F.3d 608 (3rd Cir.), cert. denied, 126 S.Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.), cert. denied, 126 S.Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S.Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S.Ct. 2559 (2005); United States v. Price, 400 F.3d 844 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S.Ct. 3121 (2005).

As the Court of Appeals explained in <u>Perez</u>, <u>it is the absence of retroactive applicability</u> <u>– not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising</u> <u>his Booker claims in a § 2255 motion</u>.  According to <u>Perez</u>:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  Therefore, even for Petitioner's claims based on <u>Booker</u>, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."  <u>See</u> <u>Tineo v. LeBlanc</u>, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2 ("Petitioner cannot claim, even with respect to his... <u>Booker</u> claims, that the remedy provided by § 2255 is 'inadequate or ineffective'").

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the sentence imposed by the trial court judge in his federal criminal case, (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current § 2241 habeas

corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Because Petitioner has failed to state a claim for relief that can properly be raised in his present § 2241 habeas corpus petition, his application for leave to proceed in forma pauperis, ("IFP"), should be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). The Court will also recommend that Petitioner's other collateral motions – i.e., "Motion in Support of Issuance of Subpoena Duces Tecum," (Docket No. 4), and "Motion for Emergency Hearing for Writ of Habeas Corpus," (Docket No. 5) – be summarily denied, due to lack of jurisdiction.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED;

3.  Petitioner's "Motion in Support of Issuance of Subpoena Duces Tecum," (Docket

No. 4), be DENIED; and

4. Petitioner's "Motion for Emergency Hearing for Writ of Habeas Corpus, (Docket No.

5), be DENIED.


Dated: March 14, 2006

                                          s/ Arthur J. Boylan
                                          ARTHUR J. BOYLAN
                                          United States Magistrate Judge

Pursuant to Local Rule 72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 29, 2006.