UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTONIO McDONAL, | Civil No. 06-1018 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MARTY ANDERSON, Trustee, Superiors, with Supervised Persons d/b/a Chief Executive Officer, | |
| Respondent. | |

Antonio McDonal, #09356-041, 2110 East Center Street, Rochester, MN 55903, petitioner *pro se*.

James E. Lackner, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Antonio McDonal ("McDonal"), a federal prisoner incarcerated at the Federal Medical Center in Rochester, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated March 15, 2006, United States Magistrate Judge Arthur J. Boylan recommended denying McDonal's petition. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules petitioner's objection and adopts the report and recommendation of the Magistrate Judge.

13

## BACKGROUND

Petitioner is serving a sentence imposed by the United States District Court for the Central District of Illinois. His petition indicates that he pleaded guilty to some type of federal drug law offense, but he has not indicated the date of his conviction, or the length of his sentence.

Petitioner did not challenge his conviction or sentence by direct appeal, but on August 19, 2004, he filed a motion in the trial court, seeking relief under 28 U.S.C. § 2255. Petitioner's § 2255 motion was summarily denied on August 23, 2004, because it was untimely.

In his present application for habeas corpus relief, petitioner claims that his sentence, including the prescribed term of supervised release, violates Article I, § 9 of the United States Constitution, as well as the Fifth and Sixth Amendments, and is illegal and contrary to law. Petitioner does not offer any specific facts explaining the basis for his claims.

## ANALYSIS

The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); *Ortega v. Turner*, 991 F.2d 799 (7th Cir. 1993); *Bostic v. Carlson*, 884 F.2d 1267, 1270, n. 1 (9th Cir. 1989). The Magistrate Judge properly applied The Rules Governing Section 2254 Cases to the petition.

Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner." The Magistrate Judge correctly determined that petitioner is not entitled to relief in this Court.

A prisoner wishing to challenge a federal conviction must generally bring the challenge before the sentencing court under 28 U.S.C. § 2255, while challenges to the execution of the sentence must be brought before the court with jurisdiction over the prisoner's custodian under § 2241.  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

In his objection, petitioner asserts that the Magistrate Judge misconstrued his habeas petition as challenging the imposition of his sentence, and states that, in contrast, he wishes to contest the execution of his sentence under § 2241.  The Court disagrees. To the contrary, McDonal's petition clearly shows that he believes his sentence was incorrect.  In his petition, McDonal asserts that he is being detained in violation of his constitutional rights.  McDonal does not challenge how the Bureau of Prisons has executed or enforced his sentence, nor alleged any kind of misapplication of his sentence. Rather, he simply contends that the trial court should not have sentenced him at all. Therefore, the Court finds that McDonal's petition challenges the imposition of sentence, not the execution.

Because McDonal is challenging the imposition of his sentence, he is required to seek relief by filing a motion in the sentencing court under 28 U.S.C. § 2255.  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  The only exception to this "exclusive remedy" rule is that a federal prisoner may challenge the imposition of his sentence under 28 U.S.C. § 2241 if he can demonstrate that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075,

1077 (8th Cir. 2000).  The § 2255 remedy is not inadequate or ineffective "merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion, . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire."  *Id.* (internal citations omitted).

Petitioner previously raised the claims asserted here in a § 2255 motion, which was summarily denied as untimely.  Petitioner does not offer, and the record does not suggest, any reason or explanation why petitioner would not have been able to assert these claims in a timely § 2255 motion.  The fact that petitioner has already been denied § 2255 relief because his motion was untimely does not render the § 2255 remedy inadequate or ineffective.  As a result, the Court holds that petitioner may not seek habeas corpus relief under § 2241.

A court may, in certain instances, simply construe a § 2241 petition barred by the exclusive remedy rule as a § 2255 motion.  In this case, however, it would be futile to construe the petition as a § 2255 motion.  Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the court of appeals for the circuit where petitioner was convicted, which, in this case, would be the Seventh Circuit Court of Appeals.  *See* 28 U.S.C.

§§ 2244(b)(3); 2255.  Petitioner has not received prior approval from the Seventh Circuit to bring a second or successive habeas petition.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 8] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 7].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

2. Petitioner's application for leave to proceed in forma pauperis [Docket No. 3] is **DENIED**.

3. Petitioner's "Motion in Support of Issuance of Subpoena Duces Tecum" [Docket No. 4] is **DENIED**.

2. Petitioner's "Motion for Emergency Hearing for Writ of Habeas Corpus [Docket No. 5] is **DENIED**.

DATED:     August 18, 2006                      _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                   United States District Judge